· Judgments reversed and complaint dismissed, with costs in all courts, on authority of *Der Ohannessian* v. *Elliott* (233 N. Y. 326) and *Fiocco* v. *Carver* (234 N. Y. 219).

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND McLAUGHLIN and ANDREWS, JJ. Absent: CRANE, J.

---

ELIZABETH DAY, Appellant, *v.* BROOKLYN CITY RAILROAD COMPANY et al., Respondents.

*Negligence — railroads — injury to passenger in collision between street car and truck.*

*Day* v. *Brooklyn City R. R. Co.*, 199 App. Div. 179, affirmed.

(Argued December 12, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 23, 1922, affirming a judgment in favor of defendants entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff claimed to have received such injuries in a collision between a street car belonging to defendant railroad and a milk truck belonging to the Sheffield Farms Company.

· *Matthew W. Wood* for appellant.

. *Andrew F. Van Thun, Jr.*, and *George D. Yeomans* for Brooklyn City Railroad Company, respondent.

: *Arthur. J. Peck* for Sheffield Farms Company, respondent.

Judgment affirmed, with costs; no opinion.

· Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. Absent: CRANE, J.

---

HARRY BRANDORFF, Respondent, *v.* RODGERS & HAGERTY, INC., Appellant.

*Negligence — employee of contractor on work struck by locomotive on : narrow gauge railroad maintained by another contractor.*

*Brandorff* v. *Rodgers & Hagerty, Inc.*, 201 App. Div. 837, affirmed. ·

(Submitted December 14, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 8, 1922, modifying and affirming as modi-

fied a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Defendant, a contractor, engaged in the construction of the army supply base in the city of Brooklyn, maintained a narrow gauge railroad in the performance of the work. Plaintiff, an employee of another contractor on the job, while walking along or near the narrow gauge track in the performance of his duty, was struck by one of defendant's locomotives approaching from behind him and received the injuries complained of.

*Bertrand L. Pettigrew* and *Walter L. Glenney* for appellant.

*William Godnick, Fred Francis Weiss* and *Jay S. Jones* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

BRANESLAW RYKCZNSKI, Respondent, *v.* WILLIAM BLANK et al., Copartners under the Firm Name of F. J. J. BLANK AND BROTHERS, Defendants.

AUGUST BLANK et al., Appellants.

*Negligence — master and servant — defective scaffold.*

*Rykcznski v. Blank,* 199 App. Div. 967, affirmed.

(Argued December 14, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1921, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants, his employers. Plaintiff, while working upon scaffolding erected by defendants, appellants, his employers, stepped upon a plank, which, not being nailed, tilted and gave way, by reason of which he was precipitated to the floor and received the injuries complained of.